No. 597 July 1, 2026 97

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

PARADIGM DENTAL LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

CITY OF BEAVERTON,
an Oregon municipal corporation,
*Defendant-Respondent.*

Washington County Circuit Court
24CV43292; A186812

Andrew Erwin, Judge.

Argued and submitted March 11, 2026.

Brian J. Best argued the cause for appellant. Also on the briefs were Neil N. Olsen and Olsen Barton LLC.

Scott J. Kaplan argued the cause for respondent. Also on the briefs was Robin Rojas McIntyre.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff Paradigm Dental LLC filed this action in circuit court after defendant, City of Beaverton, required Paradigm to relocate from the property it was leasing and denied its request for relocation benefits. Paradigm sought relocation payments under ORS 35.500 - 35.530 and a declaration "that the city failed to comport with Chapter 3.11 of the Beaverton Code [(BC)], entitling Paradigm to bring this action." The city moved to dismiss the first claim for failure to state a claim and both claims for lack of subject matter jurisdiction. The trial court dismissed both claims for failure to state a claim. On appeal, Paradigm raises two assignments of error challenging the dismissal of each claim. The city, in turn, raises two cross-assignments of error, contending that the trial court erred in failing to dismiss the claims for lack of subject matter jurisdiction or, alternatively, in failing to dismiss due to Paradigm's failure to exhaust its administrative remedies.

We conclude that the trial court lacked subject matter jurisdiction over Paradigm's first claim due to the incorporation of the exclusive administrative and judicial review procedures for contested case orders found in the Oregon Administrative Procedures Act (APA) into ORS 35.520 and therefore affirm the dismissal of that claim on that ground. We also conclude that the trial court lacked jurisdiction over Paradigm's second claim for declaratory relief because, as pleaded, the claim requests a declaration that Paradigm is entitled to bring its action challenging the city's denial of relocation benefits in circuit court due to the city's alleged failure to provide Paradigm with the requisite notice. The circuit court cannot enter such a declaration because it does not have jurisdiction over the particular claim in the requested declaration. Affirmed.

## FACTS

On review of the trial court's dismissal of plaintiff's claims, "[w]e assume the truth of all allegations in the pleading and view the allegations, as well as all reasonable inferences, in the light most favorable to the nonmoving party." *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10

(2006), *rev den*, 342 Or 474 (2007). In early 2012, Paradigm executed a ten-year lease of the property at 11380 SW Beaverton-Hillsdale Highway (the Property). In February 2022, the ten-year lease ended, and Paradigm became a month-to-month tenant. Around that time, the city identified the Property as suitable for a year-round homeless shelter and, in April 2022, held a meeting to vote on a resolution to acquire the Property for $3,350,000. The owner of the Property agreed to sell to the city rather than have it acquire the Property through eminent domain, and the city approved the resolution at the meeting. The city purchased the Property a month later in accordance with the approved resolution.

In October 2022, the city sent Paradigm a document titled "Reestablishment Assistance Program Agreement," stating that Paradigm must vacate the Property on or before May 31, 2023, and offering to pay Paradigm $99,000 for expenses related to moving and reestablishing its practice at a new location. Paradigm rejected the agreement because the amount offered was far below its expected relocation costs. Paradigm vacated the Property before May 31, 2023, and the relocation of its practice to a new location cost $1,004,853.38.

Paradigm filed this action on September 6, 2024. According to a declaration by one of Paradigm's attorneys, the city sent the attorney a letter dated September 10, 2024, that, "for the first time, offered Paradigm to utilize the city's administrative procedure for review of its decision regarding Paradigm's relocation benefits and assistance under Chapter 3.11 of the Beaverton City Code."[1] The city moved to dismiss both of Paradigm's claims for lack of subject matter jurisdiction and the first claim for failure to state a claim. The trial court dismissed both claims for failure to state a claim. Paradigm appeals.

## ANALYSIS

We address the city's first cross-assignment of error because the question of subject matter jurisdiction is

---

[1] The actual letter providing notice of the right to a hearing is not included in the record on appeal.

dispositive. "Whether a court has subject matter jurisdiction over a particular proceeding is a question of law, which we review for legal error." *Menten and Deatherage*, 302 Or App 425, 428, 461 P3d 1075 (2020).

On appeal, the city contends that the trial court lacked subject matter jurisdiction over Paradigm's claims because review of a public entity's denial of relocation benefits under ORS 35.520 is exclusively subject to the judicial review procedures for contested case orders outlined in the APA.

"The [APA] establishes a comprehensive pattern for the judicial review of administrative decisions. The various APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review." *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 720, 554 P2d 620, *rev den*, 276 Or 555 (1976). However, the APA, including its sections on judicial review of agency decisions, applies only to state entities, not to municipalities. *See* ORS 183.310(1) (defining "agency" as used in the APA as "any state board, commission, department, or division thereof, or officer authorized by law to make rules or to issue orders, except those in the legislative and judicial branches"); *see also Nyland v. City of Portland*, 307 Or App 348, 358, 477 P3d 442 (2020) ("By definition, the APA applies to state agencies, not municipalities."). The legislature can incorporate sections of the APA into other statutes, which in turn can apply those incorporated sections to municipalities; however, the legislature's incorporation of only some APA sections into another statute might not be sufficient to establish a "comprehensive [and exclusive] pattern for judicial review of administrative decisions" that would indicate legislative intent to "divest courts of jurisdiction over other causes of action challenging [an] agency's orders." *Nyland*, 307 Or App at 362 (first brackets in original; second brackets added; internal quotation marks omitted). For example, in *Nyland*, we found that the legislature's incorporation of a single APA section into a separate statute dealing with investigative subpoenas was insufficient to show that the legislature meant to divest the circuit court's jurisdiction to review a city's investigative subpoena, as there was "no

applicable comprehensive [and exclusive] pattern for judicial review" flowing from the incorporation of the single APA section at issue. *Id.* at 362-63 (brackets in original; internal quotation marks omitted).

Because the city is a municipality, not a state agency, the exclusivity of the APA's judicial review procedures does not apply to the city's decisions regarding applications for relocation benefits under ORS 35.520 unless the incorporation of certain APA sections into that statute demonstrates legislative intent to divest the circuit court of jurisdiction. ORS 35.520 governs the process for appealing a "public entity's"[2] decision regarding an application for relocation benefits:

> "Any person who applies for relocation benefits or assistance under ORS 35.510 shall receive the public entity's written decision on the application, which shall include the statement of any amount awarded, the statutory basis for the award and the statement of any finding of fact that the public entity made in arriving at its decision. A person aggrieved by the decision shall be entitled to a hearing substantially of the character required by ORS 183.413 to 183.470, unless federal, state or local law provides otherwise. Notice required by ORS 183.415 must be served within 180 days of the receipt of the written decision by the aggrieved party. The decision of the public entity shall be reviewable pursuant to ORS 183.480."

The statute expressly incorporates ORS 183.413 to 183.470, the APA sections that cover the notice requirements and procedures for contested case hearings; ORS 183.415, the APA section that requires agencies to provide parties to a contested case order with notice of their right to an administrative hearing; and ORS 183.480, the APA section that establishes a person's standing to challenge agency orders and the exclusivity of the APA's judicial review procedures. ORS 183.480(2) specifically states that "[j]udicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490 and 183.500." ORS 183.482, in turn, establishes exclusive jurisdiction in this court over judicial review of contested case orders.

---

[2] The term "public entity" as used in ORS 35.500 to 35.530 includes cities; thus, ORS 35.520 applies to the city's actions. *See* ORS 35.500(3).

We conclude that the legislature's explicit incorporation of all of the APA sections relating to the judicial review procedures for contested case orders into ORS 35.520 is sufficient to indicate legislative intent to divest circuit courts of jurisdiction to hear other causes of action relating to a public entity's decisions made pursuant to that statute. The inclusion of that entire sequence of APA sections "establishes a comprehensive [and exclusive] pattern for judicial review" of a public entity's decisions regarding applications for relocation benefits and therefore strongly indicates legislative intent to divest the circuit court of jurisdiction to review those decisions. *See Nyland*, 307 Or App at 362 (brackets in original; internal quotation marks omitted).

Having concluded that the APA statutes on exclusive judicial review of contested case orders apply to a public entity's administrative decisions made pursuant to ORS 35.520, we now turn to whether the trial court lacked subject matter jurisdiction over Paradigm's claims specifically. Paradigm's first claim, which directly challenges the city's denial of its request for relocation benefits, clearly falls within the exclusive purview of the APA judicial review procedures for orders in contested cases, as incorporated into ORS 35.520. Under ORS 183.482 (as applicable via ORS 35.520 and ORS 183.480), Paradigm was required to first pursue a contested case hearing with the city before pursuing judicial review of the final order resulting from that hearing in this court, not the circuit court. *See Mullenaux v. Dept. of Revenue*, 293 Or 536, 539, 651 P2d 724 (1982) ("[J]udicial review [of an administrative decision] is only available after the procedure for relief within the administrative body itself has been followed without success." (Internal quotation marks omitted.)); ORS 183.482(1) ("Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals."). Thus, the trial court lacked subject matter jurisdiction over Paradigm's first claim, and we affirm its dismissal on that ground.[3]

_____

[3] Plaintiff argues that defendant's failure to provide notice of its right to a contested case hearing, as required by ORS 183.415, within 180 days of the denial of benefits, as required by ORS 35.520, essentially reinstated the circuit court's jurisdiction over its claims and allow it to circumvent the APA judicial review requirements for contested case orders. However, plaintiff points to no case law, and we know of none, that supports such a principle.

Paradigm's second claim for relief sought a judgment "declaring that the city failed to comport with Chapter 3.11 of the Beaverton Code [(BC)], entitling Paradigm to bring this action." BC Chapter 3.11 establishes the administrative review procedure for the city's decisions regarding an applicant's eligibility for relocation benefits. *See* BC 3.11.010. Paradigm's requested declaration stems from its allegation that the city failed to provide Paradigm with the required "notice of benefit" of its right to appeal the denial of relocation benefits.[4]

We conclude that the trial court did not have subject matter jurisdiction over Paradigm's second claim. Paradigm's claim requests a declaration that the city failed to provide the required "notice of benefit" and, because of that failure, Paradigm is entitled to challenge the city's denial of its request for relocation benefits in circuit court. As we discussed above with respect to Paradigm's first claim, challenges to a public entity's decision regarding a person's application for relocation benefits must follow the exclusive administrative and judicial review procedures outlined in ORS 183.413 to 183.470 and ORS 183.482, respectively, as applicable via ORS 35.520 and ORS 183.480. Those procedures require development of an administrative record through a contested case hearing followed by judicial review of the resulting order in this court, not the circuit court. While a different declaratory relief claim that only requests a declaration that a municipality failed to provide the requisite notice might be reviewable in circuit court,[5] Paradigm's claim for declaratory relief, as pleaded, is

---

[4] BC 3.11.015 states, in relevant part:

"'Notice of benefit' is notice received by a person from the city, its agents or representatives, setting forth or denying the right to or amount of benefits to be received pursuant to the Relocation Assistance Act of Oregon (ORS 35.500 to 35.530) and Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970.

"The notice of benefit shall indicate that any person aggrieved by the city's determination shall have the right to appeal that determination in accordance with the city's procedure for relocation appeals."

[5] *See Ackerley v. Mt. Hood Comm. College*, 51 Or App 801, 804 n 1, 627 P2d 487, *rev den*, 291 Or 309 (1981) (concluding on its own motion that the circuit court had subject matter jurisdiction over the plaintiff's claim for injunctive relief to prevent a public entity from removing or damaging the plaintiff's sign until it had provided the plaintiff with relocation payments, but declining to decide

essentially an attempt to circumvent the exclusive judicial review procedures for reviewing claims of entitlement to relocation benefits. Therefore, the trial court lacked jurisdiction over that claim, and it should have dismissed that claim on that ground.[6]

Affirmed.

---

whether the circuit court would have had jurisdiction to require the public entity to provide such payments to the plaintiff).

[6] Nothing in this decision precludes Paradigm from challenging the lack of notice of its right to appeal the city's decision, as grounds to allow for a late request for an administrative hearing on the city's denial of relocation benefits, through the administrative and judicial review procedures outlined in BC Chapter 3.11 and ORS 35.520; we decide only that Paradigm cannot bring its specific claims in circuit court because the circuit court does not have jurisdiction over those claims.